In the
# United States Court of Appeals
# for the Third Circuit

HAROLD R. BERK
*Plaintiff-Appellant*

v.

WILSON C. CHOY, MD, et al.,
*Defendants-Appellees*

On Appeal from the United States District Court for the District of Delaware
Civ. No. 1:22-cv-01506

Judge: The Honorable Richard G. Andrews

## BRIEF OF APPELLEE BEEBE MEDICAL CENTER, INC.

**MARSHALL DENNEHEY, P.C.**
Carol A. VanderWoude, Esquire
Pa. Atty. I.D. 94967
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2643
Attorney for Appellee,
Beebe Medical Center, Inc.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................ii

ISSUES PRESENTED FOR REVIEW ..................................................................1

INTRODUCTION....................................................................................................2

COUNTERSTATEMENT OF THE CASE .............................................................5

I.     PROCEDURAL HISTORY ...........................................................................5

II.    RELEVANT FACTS .....................................................................................8

SUMMARY OF THE ARGUMENT ....................................................................11

STANDARD OF REVIEW ...................................................................................13

ARGUMENT.........................................................................................................14

I.     THE DELAWARE AFFIDAVIT OF MERIT STATUTE APPLIES IN
      FEDERAL COURTS SITTING IN DIVERSITY ......................................14

     A.    The statute does not conflict with federal rules ..................................17

     B.    The statute applies in diversity actions regardless of a conflict..........25

     C.    Failure to apply the statute would contravene the dual aims of Erie ..28

II.    THE COURT'S EXISTING AUTHORITY ADDRESSING NEW
      JERSEY AND PENNSYLVANIA AFFIDAVIT OF MERIT AND
      CERTIFICATE OF MERIT REQUIREMENTS REMAINS GOOD
      LAW.............................................................................................................29

CONCLUSION .....................................................................................................32

CERTIFICATION OF BAR MEMBERSHIP.......................................................33

CERTIFICATE OF COMPLIANCE.....................................................................33

CERTIFICATE OF SERVICE ..............................................................................34

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal,

    556 U.S. 662 (2009)........................................................................21

Beckett v. Beebe Med. Ctr., Inc.,

    897 A.2d 753 (Del. 2006) ...............................................................23

Bell Atl. Corp v. Twombly,

    550 U.S. 544 (2007).......................................................................21

Burlington N. R. Co. v. Woods,

    480 U.S. 1 (1987)...........................................................................14

Byrd v. Blue Ridge Rural Elec. Co-op., Inc.,

    356 U.S. 525 (1958).......................................................................15

Chamberlain v. Giampapa,

    210 F.3d 154 (3d Cir. 2000)...................................3, 18, 19, 20, 22, 28, 29, 30, 31

Corley v. United States,

    11 F.4th 79 (2d Cir. 2021) ..............................................................24

Dishmon v. Fucci,

    32 A.3d 338 (Del. 2011) ......................................................17, 20, 23

Erie R.R. v. Tompkins,

    304 U.S. 64 (1938)...........................................................................2

Foster v. Nat'l Fuel Gas Co.,

    316 F.3d 424 (3d Cir. 2003).............................................................13

Gallivan v. United States,

    943 F.3d 291 (6th Cir. 2019) ...........................................................24

Gregg v. Georgia,

    428 U.S. 153 (1976).......................................................................25

Hanna v. Plumer,
    380 U.S. 460 (1965)..................................................................11, 14, 15

Hassen v. Gov't of Virgin Islands,
    861 F.3d 108 (3d Cir. 2017)...................................................................3

Lacy v. Green,
    428 A.2d 1171 (Del. Super. Ct. 1981) ...............................................17

Liggon-Redding v. Estate of Sugarman,
    659 F.3d 258 (3d Cir. 2011).........................2, 3, 18, 19, 20, 21, 22, 24, 28, 29, 30

Mammarella v. Evantash,
    93 A.3d 629 (Del. 2014) .....................................................................21

Marks v. United States,
    430 U.S. 188 (1977)......................................................................25, 31

Nationwide Ins. v. Patterson,
    953 F.2d 44 (3d Cir. 1991)....................................................................4

Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v.
    WithumSmith Brown, P.C.,
    692 F.3d 283 (3d Cir. 2012)............................................................2, 30

Pledger v. Lynch,
    5 F.4th 511 (4th Cir. 2021) .................................................................24

Schmigel v. Uchal,
    800 F.3d 113 (3d Cir. 2015)...........................................2, 13, 28, 30

Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.,
    559 U.S. 393 (2010)..................1, 3, 4, 11, 12, 15, 16, 17, 18, 25, 26, 27, 30, 31

Sibbach v. Wilson & Co.,
    312 U.S. 1 (1941)................................................................................14

Spence v. ESAB Grp., Inc.,
    623 F.3d 212 (3d Cir. 2010)...............................................................14

U.S. v. Franz,

    772 F.3d 134 (3d Cir. 2014) ................................................................4

Walker v. Armco Steel Corp.,

    446 U.S. 740 (1980) ...............................................12, 14, 25, 30

Wilson v. United States,

    79 F.4th 312 (3d Cir. 2023) ................................................................24

Young v. United States,

    942 F.3d 349 (7th Cir. 2019) ................................................................24

**Statutes**

28 U.S.C. § 2072(b) ................................................................14

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................21

Fed. R. Civ. P. 7(a) ................................................................19

Federal Rules of Civil Procedure 8, 9, 11 or 12 ...............................11, 25

Federal Rules of Civil Procedure 8, 9, 11 and 12 ................................17

Pa.R.C.P. 1042.3 (a)(1) ................................................................24

## ISSUES PRESENTED FOR REVIEW

1.    Whether Delaware's affidavit of merit statute, 18 Del. C. § 6853, requiring an affidavit of merit in medical negligence cases, is substantive law that applies in a federal diversity action.

2.    Whether decisions of this Court holding that federal courts must apply Pennsylvania and New Jersey certificate or merit and affidavit of merit requirements are consistent with the Supreme Court's decision in <u>Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.</u>, 559 U.S. 393 (2010).

**INTRODUCTION**

Appellant Harold R. Berk (Berk) challenges the District Court's dismissal of his medical negligence action for failure to comply with Delaware's affidavit of merit statute, 18 Del. C. § 6853. This statute requires that claims asserting medical negligence be supported by an affidavit of merit stating that there are "reasonable grounds" to believe that there has been healthcare medical negligence committed by each defendant. 18 Del. C. § 6853 (a). A federal court sitting in diversity must apply state substantive law and federal procedural law. See Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). The pure legal question before this Court is whether Delaware's affidavit of merit statute is a substantive law that applies in federal diversity actions.

This Court previously addressed the issue in the context of New Jersey's affidavit of merit statute and Pennsylvania's certificate of merit statute. These statutes, like Delaware's affidavit of merit statute, require the filing of analogous affidavits. This Court held that the New Jersey and Pennsylvania affidavit of merit requirements constitute substantive law that must be applied in federal courts sitting in diversity. See Schmigel v. Uchal, 800 F.3d 113 (3d Cir. 2015) (addressing Pennsylvania's certificate of merit requirement); Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 303-04 (3d Cir. 2012) (addressing New Jersey's affidavit of merit requirement); Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262-64 (3d Cir. 2011) (addressing

Pennsylvania's certificate of merit requirement); Chamberlain v. Giampapa, 210 F.3d 154, 157-61 (3d Cir. 2000) (addressing New Jersey's affidavit of merit requirement).

The thrust of Berk's argument on appeal is that this Court should abandon its precedent and join various other Circuits in holding that affidavit of merit requirements conflict with Federal Rule of Civil Procedure 8 and various other rules. Applying Erie and its progeny, including Shady Grove, other Circuits have held that state affidavit of merit requirements do not apply in federal courts. Berk frames this appeal as providing an opportunity for this Court to "embrace" the prevailing approach applied by other Circuits to an analysis under Erie and its progeny to hold that state affidavit of merit requirements conflict with various Federal Rules of Civil Procedure. He contends that this Court did not have the benefit of case law applying Shady Grove when it rendered its prior decisions. Appellant's Br., at 5. However, in Nuveem, supra, this Court considered and rejected the same arguments raised by Berk to support abandonment of this Court's precedent. There, this Court addressed Shady Grove and reaffirmed its holdings in Chamberlain and Liggon-Redding, finding no conflict with the Federal Rules of Civil Procedure. Nuveem, 692 F.3d at 303-04. Regardless, this Court is bound to apply its own precedent where, as here, it does not conflict with Supreme Court precedent. See, e.g., Hassen v. Gov't of Virgin Islands, 861 F.3d 108, 114 n.5 (3d Cir. 2017) ("[A] panel of this court is

bound to follow the holdings of published opinions of prior panels of this court.")
(quoting <u>Nationwide Ins. v. Patterson</u>, 953 F.2d 44, 46 (3d Cir. 1991)); <u>U.S. v. Franz</u>,
772 F.3d 134, 144 n.8 (3d Cir. 2014) ("[S]itting as a panel of this Court, we cannot
overrule prior precedent.").

The Court should reject Berk's invitation to abandon its past precedent and to
hold, broadly, that affidavit of merit and certificate of merit requirements do not
apply in federal court. Rather, it should affirm the District Court's ruling because,
consistent with this Court's precedent and applying the controlling analysis in <u>Shady
Grove</u>, the Delaware affidavit of merit statute applies in federal diversity cases.

## I.  PROCEDURAL HISTORY

On November 18, 2022, Berk filed suit *pro see* in the United States District Court for the District of Delaware on the basis of diversity jurisdiction against Appellees Beebe Medical Center, Inc. (Beebe), Encompass Health Rehabilitation Hospital of Middletown, LLC (Encompass), and Wilson C. Choy, M.D. (Dr. Choy). JA19-33.  Berk asserted three causes of action sounding in medical negligence. JA28-32.  Contemporaneously with the filing of his complaint, Berk moved for an extension of time "for filing medical expert opinion" pursuant to 18 Del. C. § 6853, which requires that claims asserting medical negligence be supported by an affidavit of merit stating that there are "reasonable grounds" to believe that there has been healthcare medical negligence committed by each defendant.  JA11, JA35-39; see also 18 Del. C. § 6853 (a)(1).  The District Court granted Berk's extension request by order dated November 23, 2022, and ordered that Berk had until January 23, 2023 to file an affidavit of merit.  JA40.

Beebe and Dr. Choy filed answers to the complaint on January 12, 2023. JA12.  Encompass filed an answer on January 20, 2023.  JA12.

On January 19, 2023, Berk filed certain documents under seal that purported to satisfy the affidavit of merit requirement set forth in 18 Del. C. § 6853.  JA13, JA73.  Beebe filed a motion for *in camera* review of the affidavit of merit on January

24, 2023. JA13, JA89-95. That same day, Dr. Choy and Encompass filed motions for *in camera* review of the affidavit of merit. JA13.

Berk filed an answer to the respective motions for *in camera* review on January 29, 2023. JA14, JA102-119. Relying on cases from other Circuits, Berk argued that Delaware's affidavit of merit statute is not enforceable in a diversity medical malpractice action because it conflicts with various Federal Rules of Civil Procedure. JA104.

On January 30, 2023, Berk filed an amended complaint that included three new "causes of action." JA122-141. His fourth and fifth causes of action were against Beebe, alleging claims for assault and battery and failure to train. JA137-139. His sixth cause of action was against Encompass, alleging assault and battery. JA140-141. After Beebe and Encompass moved to dismiss these claims as time-barred, Berk moved to withdraw the three new causes of action set forth in his amended complaint. JA16, JA159-164, JA165-180, JA181, JA183-184.

On February 6, 2023, the Appellees filed replies in support of their respective motions for *in camera* review of the affidavit of merit. JA14, JA147. Beebe argued in its reply that Delaware's affidavit of merit statute is a substantive law provision that applies in diversity cases, and that this Court has previously held that similar Pennsylvania and New Jersey requirements constitute substantive law. JA150-158.

By order dated March 9, 2023, the District Court ordered Berk to show cause within one week "as to whether there are one or more 'affidavits of merit' compliant with Delaware statute" and to advise the District Court where it might find the affidavits, otherwise the case would be dismissed. JA4. The District Court noted that, in reviewing Berk's two sealed filings, it did not "see anything that looks like an affidavit, let alone an affidavit of merit." Id. Rather, the filings consisted of "internet printouts about two doctors" and Berk's medical records. Id. Berk filed a notice of appeal from the show cause order later the same day. JA16. The appeal was voluntarily dismissed on March 24, 2023. JA17.

Berk never responded to the show cause order. JA5. By order entered April 4, 2023, the District Court dismissed Berk's three medical negligence counts without prejudice, granted Berk's motion to withdraw the three additional counts in his amended complaint, and dismissed as moot the motions to dismiss the amended complaint and related filings. JA3, JA7.

Berk filed a notice of appeal from the April 4th order the same day. JA17. After this Court listed the case for possible dismissal due to jurisdictional defect, Berk moved to dismiss all cross-claims. JA17. The Appellees jointly objected to all cross-claims being dismissed with prejudice. Id. The District Court issued an order dismissing all cross-claims without prejudice on April 11, 2023. JA186.

## II.  **RELEVANT FACTS**

This appeal centers on the applicability of Delaware's affidavit of merit statute in federal diversity actions.  The factual allegations set forth in Berk's operative complaint are thus largely irrelevant, and will be addressed concisely.

Berk alleges that he was taken by ambulance to Beebe Hospital on August 20, 2020, after he fell out of bed and injured his left ankle and foot.  JA123, ¶ 8.  He was taken to the emergency department were he was examined by medical personnel and X-rays were taken of his left foot and ankle.  Id. at ¶ 9.  The X-rays revealed fractures of the distial fibia.  JA124, ¶ 10.  Berk alleges that nurses and staff manipulated his left leg while attempting to place a CAM boot on his left leg, and that this manipulation "altered" his fractured ankle.  Id. at ¶ 13.  He claims that he was in intense pain as a result of the repeated attempts to "push" the CAM boot in place, and was administered pain medication.  Id., see also JA125, ¶¶ 14, 17, 19.  No additional X-rays were taken before his discharge, despite Berk's medical records indicating that he was to follow-up for X-rays with Dr. Choy.  JA125, ¶ 18.

According to Berk, Beebe arranged a placement for him at Encompass. JA126, ¶ 22.  He alleges that he noticed a "deformity" in the positioning of his left leg while at Encompass.  Id. at ¶ 23.  Berk engaged in physical therapy at Encompass that required him to "be partially weight bearing on his left leg despite Beebe's orders to the contrary," and despite the fact that Encompass records state that he was

"to be nonweight bearing for eight weeks." Id. at ¶ 24; see also JA127, at ¶¶ 27, 28, 30. He alleges that no staff or medical personnel at Encompass contacted Dr. Choy regarding "his perceived leg deformation." JA126, ¶ 26. Berk was discharged from Encompass on September 7, 2023. JA127, ¶ 32.

On or about September 15, 2020, Berk went to an appointment at Dr. Choy's Delaware office. JA128, ¶ 33. A physician's assistant took an X-ray of Berk's left ankle and allegedly advised that his left leg was "severely deformed." Id. at ¶ 34. Dr. Choy allegedly told Berk, via a telephone consultation, that he required immediate surgery due to a "now deformed ankle and leg," but Dr. Choy would not perform the surgery because of Berk's heart conditions. Id. at ¶ 35.

Berk consulted with Dr. Steven Raikin at the Rothman Institute, on September 23, 2023. Id. at ¶ 37. Dr. Raikin was allegedly "very upset" by what he saw in the X-rays taken at Dr. Choy's office. Id. at ¶ 37. Berk was taken to Jefferson Hospital in Philadelphia and admitted the same day. JA129, ¶ 39. He was cleared for surgery, and Dr. Raikin performed surgery to stabilize the fractured ankle. Id. at ¶ 40. This included placing an external fixator to hold the ankle in alignment while healing. Id. at ¶¶ 39, 40. Berk alleges he was discharged after a week, and that the external fixator caused daily pain. JA130, ¶¶ 41, 43. The external fixator was removed in late January 2021. Id. at ¶ 47. He underwent physical and occupational therapy at Magee Rehabilitation Hospital in Philadelphia, and was discharged from Magee on

our about March 15, 2021.  <u>Id.</u> at ¶¶ 48-50.  He continued physical and occupational therapy at Elite Rehab in Delaware.  <u>Id.</u> at ¶ 50.  According to Berk, as of November 2020 he still has balance problems and some weakness in his legs.  JA131, ¶52.

After the District Court dismissed his claims, Berk filed suit in the United States District Court for the Eastern District of Pennsylvania against the Rothman Institute, various affiliated entities and his doctors for refusing to provide him with a "Delaware Affidavit of Merit."  JA188, ¶ 2.

## SUMMARY OF THE ARGUMENT

By order dated April 4, 2023, the District Court dismissed Berk's medical negligence claims for failure to comply with Delaware's affidavit of merit statute, 18 Del. C. § 6853. Berk argues on appeal that the District Court erred in dismissing his claims. This Court should reject Berk's arguments and affirm the District Court's ruling.

First, the Delaware affidavit of merit statute does not conflict with Federal Rules of Civil Procedure 8, 9, 11 or 12 because it is not a heightened pleading requirement and serves an entirely different purpose. As such, the federal rules can co-exist with the Delaware affidavit of merit statute. Second, even if a conflict exists the affidavit of merit requirement applies in federal diversity cases because it is part of Delaware's "framework of substantive rights or remedies." Shady Grove, 559 U.S. at 419 (Stevens, J., concurring). Third, a failure to apply the affidavit of merit statute would frustrate the twin aims of the Erie rule to discourage forum shopping and avoid the inequitable administration of law. Erie, 304 U.S. at 111-12; Hanna v. Plumer, 380 U.S. 460, 470-74 (1965). Finally, there is no overriding federal interest that justifies the application of federal law to Delaware's legislatively enacted medical negligence scheme.

To the extent that Berk argues that this Court's past decisions holding that federal courts must apply Pennsylvania and New Jersey certificate of merit and

affidavit of merit requirements should be overruled because they are inconsistent with <u>Shady Grove</u>, this argument lacks merit.  <u>Shady Grove</u> is not implicated in these decisions because this Court determined that the certificate of merit and affidavit of merit requirements do not conflict with Federal Rules of Civil Procedure 8, 9, 11 and 41(b) and are not pleading requirements.  Having found no conflict, this Court then properly engaged in an inquiry under <u>Erie</u> and its progeny.  <u>Shady Grove</u>, 559 U.S. at 421 (Stevens, J., concurring).  <u>Shady Grove</u> only requires an analysis of the Rules Enabling Act where the federal rule  is "sufficiently broad to control the issue before the Court," such that there is a "direct collision."  <u>Id.</u> at 422 (quoting <u>Walker</u>, 446 U.S. at 749-50).  Nothing in <u>Shady Grove</u> suggests or otherwise holds that this Court's past precedent should be overruled to align with decisions rendered by other Courts of Appeals.

## STANDARD OF REVIEW

The specific issue presented in this case—whether Delaware's affidavit of merit statute applies in federal courts sitting in diversity, is a pure question of law. Schmigel, 800 F.3d at 114 n.4. As such, this Court's standard of review is plenary. Id. (citing Foster v. Nat'l Fuel Gas Co., 316 F.3d 424, 430 (3d Cir. 2003)).

# ARGUMENT

## I. THE DELAWARE AFFIDAVIT OF MERIT STATUTE APPLIES IN FEDERAL COURTS SITTING IN DIVERSITY

Berk's medical negligence action arises under Delaware state law. The Erie doctrine addresses "whether state or federal law should apply on various issues arising in an action based on state law which has been brought in federal court." Walker v. Armco Steel Corp., 446 U.S. 740, 744 (1980). In such cases, federal courts must apply state substantive law. Sibbach v. Wilson & Co., 312 U.S. 1, 9-10 (1941); see also Spence v. ESAB Grp., Inc., 623 F.3d 212, 216 (3d Cir. 2010) ("As a federal court sitting in diversity, we are required to apply the substantive law of the state whose law governs the action.").

In determining whether a state law applies in a diversity action, a court must first determine whether there is a direct conflict between the federal and state laws in question. Hanna, 380 U.S. at 470-74. "The initial step is to determine whether, when fairly construed, the scope of [a federal rule] is 'sufficiently broad' to cause a 'direct collision' with the state law or, implicitly, to 'control the issue' before the court, thereby leaving no room for the operation of that law." Burlington N. R. Co. v. Woods, 480 U.S. 1, 4-5 (1987) (quoting Walker, 446 U.S. at 749-50). If there is a direct conflict, the federal rule applies unless it is deemed unconstitutional or outside the scope of the Rules Enabling Act, 28 U.S.C. § 2072(b), which prohibits the use of federal laws if they "abridge, enlarge, or modify any [state] substantive

right." Hanna, 380 U.S. at 470-74. If the state law does not conflict with a federal rule, a federal court must assess whether the twin aims of Erie are implicated, namely, "discouragement of forum-shopping and avoidance of inequitable administration of the laws." Hanna, 380 U.S. at 468. If both Erie prongs are met, a federal court must then consider whether an overriding federal interest justifies the application of federal law. Byrd v. Blue Ridge Rural Elec. Co-op., Inc., 356 U.S. 525, 537-38 (1958).

In Shady Grove, no majority was able to come to an agreed standard regarding the second inquiry where a conflict exists.[1] Writing for three justices, Justice Scalia explained that "it is not the substantive or procedural nature of the affected state law that matters, but the substantive or procedural nature of the Federal Rule." Id. at 410 (Scalia, J., plurality opinion). Accordingly, the validity of a federal rule turns on whether it regulates procedure, if it does, it is lawfully authorized by the Rules Enabling Act. Id. In Justice Scalia's view, federal rules "rationally capable of classification" as procedural are valid even if they affect a litigant's substantive rights under state law. Id. at 406.

---

[1] There were three opinions. Four Justices dissented. Justice Scalia wrote an opinion joined in full by three Justices. Justice Stevens joined part of Justice Scalia's opinion (making that part a majority opinion) and wrote a separate concurring opinion.

Justice Stevens concurred in the result but advanced a different approach to the Enabling Act inquiry. He viewed the plurality's approach of looking only to the federal rule itself as inconsistent with the text of the Rules Enabling Act. See id. at 424-25 (Stevens, J., concurring). Justice Stevens focused the Enabling Act inquiry on the nature of the state rule, namely, on whether the state rule "function[s] as a part of the State's definition of substantive rights and remedies." Id. at 416-17 (Stevens, J., concurring). He espoused the view that when a federal rule and a state statute directly conflict, the federal rule "cannot govern a particular case in which the rule would displace a state law that is ... *so intertwined with a state right or remedy that it functions to define the scope of the state-created ri*ght." Id. at 423 (Stevens, J., concurring) (emphasis added). When a state procedural rule "defines the scope of [a] substantive right or remedy," id. at 420, applying the conflicting federal rule would necessarily "abridge, enlarge or modify" that substantive right or remedy and thus violate the Enabling Act. Id. at 418. In the context of the New York law at issue in Shady Grove, Justice Stevens concluded that the law was not intertwined with state rights or remedies as shown by the textual reading of the New York law; its applicability to all claims, regardless of whether they were based on federal, New York, or other state law; and analysis of the potential purposes behind the law. Id. at 423-36 (Stevens, J., concurring).

## A.    The statute does not conflict with federal rules

Berk argues that, under the controlling framework of <u>Shady Grove</u>, the Delaware affidavit of merit statute conflicts with Federal Rules of Civil Procedure 8, 9, 11 and 12 because it answers the "same question" as these rules.  <u>See</u> Appellant's Br., at 33-35.  This analysis, however, borrows heavily from decisions of other Circuits.  When isolated from these other holdings, and when considered against the back drop of this Court's precedent, the Delaware affidavit of merit statute does not conflict with Rules 8, 9, 11 or 12.

In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act.  <u>See</u> 18 Del. C. §§ 6801-68.  The Delaware General Assembly adopted this statute in response to what it characterized as a "medical malpractice crisis."  <u>Lacy v. Green</u>, 428 A.2d 1171, 1175 (Del. Super. Ct. 1981).  The affidavit of merit requirement was enacted "to reduce the filing of meritless medical negligence claims."  <u>Dishmon v. Fucci</u>, 32 A.3d 338, 342 (Del. 2011).

Section 6853 requires a plaintiff alleging medical negligence to submit an affidavit of merit as to each defendant signed by an expert witness at the time the complaint is filed, unless a motion to extend time is filed and good cause shown.  18 Del. C. § 6853 (a) (1), (2).  The statute provides:

> (a) No health-care negligence lawsuit shall be filed in this State unless the complaint is accompanied by:

(1) *An affidavit of merit as to each defendant signed by an expert witness, as defined in § 6854 of this title, and accompanied by a current curriculum vitae of the witness, stating that there are reasonable grounds to believe that there has been health-care medical negligence committed by each defendant.* If the required affidavit does not accompany the complaint or if a motion to extend the time to file said affidavit as permitted by paragraph (a)(2) of this section has not been filed with the court, then the Prothonotary or clerk of the court shall refuse to file the complaint and it shall not be docketed with the court. The affidavit of merit and curriculum vitae shall be filed with the court in a sealed envelope which envelope shall state on its face:

"CONFIDENTIAL SUBJECT TO 18 DEL. C., SECTION 6853. THE CONTENTS OF THIS ENVELOPE MAY ONLY BE VIEWED BY A JUDGE OF THE SUPERIOR COURT."

Notwithstanding any law or rule to the contrary the affidavit of merit shall be and shall remain sealed and confidential, except as provided in subsection (d) of this section, shall not be a public record and is exempt from Chapter 100 of Title 29.

18 Del. C. § 6853 (a) (1) (emphasis added).

In <u>Chamberlain</u>, this Court considered whether New Jersey's affidavit of merit requirement conflicted with Federal Rules 8 and 9, and affirmed the district court's decision to apply the requirement in a federal diversity action. The <u>Chamberlain</u> Court based its lack of conflict finding on a five point analysis. 210 F.3d at 160. Nothing in <u>Shady Grove</u> overrules this analysis, which has been applied in other cases. <u>See, e.g.</u>, <u>Liggon-Redding</u>, 659 F.3d at 262. The first point was foundational and one of definition: "[t]he required affidavit is not a pleading[.]" <u>Id.</u> at 160. The

second point, related to the first, was that "[t]he affidavit of merit statute has no effect on what is included in the pleadings of a case or the specificity thereof." Id. The third point was that the purposes behind the New Jersey statute and Federal Rules 8 and 9 are different because the federal rules "give notice of the plaintiff's claim" whereas the New Jersey statute "assure[s] that malpractice claims for which there is no expert support will be terminated at an early stage in the proceedings." Id. The fourth point was one of timing: New Jersey's affidavit of merit statute allowed a plaintiff 60 days (extendable to 120 days if granted an extension by the court) after filing of the complaint to submit an affidavit of merit. The fifth point was that, unlike a plaintiff's complaint, the New Jersey affidavit "does not contain a statement of the factual basis for the claim." Id. at 157, 160.

Applying the above analysis in this case, the Delaware affidavit of merit statute does not conflict with Federal Rules 8 and 9. On the first point, the affidavit of merit is not a pleading as that term is defined in the federal rules. See Fed. R. Civ. P. 7(a) (defining "[p]leadings" as a finite set of submissions that does not include documents attached to a complaint). On the second point, the contents of the affidavit of merit have "no effect on what is included in the pleadings of a case or the specificity thereof." Chamberlain, 210 F.3d at 160. Unlike Rules 8 and 9, the Delaware affidavit of merit statute does "not govern the content of pleadings or the level of specificity contained therein." Liggon-Redding, 659 F.3d at 263. Regarding

the third point, the purpose of the Delaware statute and Federal Rules 8 and 9 are different. Rules 8 and 9 "dictate the content of the pleadings and the degree of specificity that is required," whereas the Delaware affidavit of merit statute was enacted "to reduce the filing of meritless medical negligence claims." <u>Chamberlain</u>, 210 F.3d at 160; <u>Dishmon</u>, 32 A.3d at 342. The fourth point, pertaining to the timing of the affidavit of merit requirement, is different than the New Jersey affidavit of merit statute considered in <u>Chamberlain</u> (and the Pennsylvania certificate of merit requirement considered in <u>Liggon-Redding</u>), insofar as the Delaware statute requires the affidavit to be filed with the medical negligence complaint.[2] As for the fifth point, the Delaware statute does not require that the affidavit of merit "contain a statement of the factual basis for the claim." <u>Chamberlain</u>, 210 F.3d at 160; <u>see also</u> <u>Liggon-Reading</u>, 659 F.3d at 262.

Weighing all of these factors, the Delaware affidavit of merit statute does not conflict with or interfere with the pleading standards set forth in Federal Rules 8 or 9. Indeed, the affidavit is confidential. It must be filed under seal and is separate and distinct from the complaint itself. 18 Del. C. § 6853 (a)(1). The affidavit thus does not serve to place the defendant on notice of any aspect of the claim not already

---

[2] The Pennsylvania certificate of merit statute requires the filing of the certificate of merit with the complaint or within 60 days thereafter. <u>Liggon-Redding</u>, 659 F.3d at 262.

contained in the complaint.  In fact, 18 Del. C. § 6853(d) limits the use of an affidavit of merit—barring the defense from discovering the plaintiff's affidavit of merit and precluding the use of the affidavit of merit as evidence or as impeachment material. See Mammarella v. Evantash, 93 A.3d 629, 637 (Del. 2014).

Likewise, the Delaware affidavit of merit statute does not conflict with Federal Rule of Civil Procedure 11.  Rule 11 can co-exist with the Delaware affidavit of merit requirement because each rule "controls its own intended area of influence without any conflict."  Liggon-Redding, 659 F.3d at 263.  "Rule 11 requires an attorney to sign a pleading, thereby attesting that the complaint is meritorious."  Id. In contrast, the Delaware affidavit of merit statute requires an additional written statement by "an expert witness" stating that "there are reasonable grounds to believe that there has been health-care medical negligence committed by each defendant." 18 Del. C. § 6853 (a)(1).  Rule 11 governs *attorney conduct* and does not conflict with Delaware's affidavit of merit requirement pertaining to an expert's statement.

Finally, because the Delaware affidavit of merit statute is not a heightened pleading requirement it does not conflict with Rule 12(b)(6), which governs motions to dismiss on the pleadings.  Fed. R. Civ. P. 12(b)(6).  The affidavit of merit statute and Rule 12(b)(6) address different subject matters.  Rule 12(b)(6) serves to provide a mechanism to test the sufficiency of the complaint.  See Bell Atl. Corp v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The

sufficiency of the allegations set forth in the complaint have no bearing on whether dismissal is warranted under the Delaware affidavit of merit statute. As such, the Delaware affidavit of merit statute "serves an entirely different purpose and contemplates an entirely different process that that of moving for [] dismissal." Liggon-Redding, 659 F.3d at 264.

To the extent that Berk contends that this Court's existing precedent regarding New Jersey's affidavit of merit requirement and Pennsylvania's certificate of merit requirement does not apply to the Delaware statute, this argument cannot withstand scrutiny. Appellant's Br., at 43-44. Berk argues that the Delaware affidavit of merit statute is a "filing requirement" because without it a court will not entertain the case, and a pleading requirement because the statute impacts the content and specificity of the pleadings. Id. at 43. But these arguments ignore the five factors set forth in Chamberlain and discussed above to determine whether an affidavit of merit requirement constitutes an enhanced pleading requirement. While it is true that the Delaware affidavit of merit requirement differs from the New Jersey and Pennsylvania requirements insofar as an affidavit of merit must be filed with the complaint, this lone factor does not outweigh all of the other factors that this Court considers in determining whether an affidavit of merit requirement conflicts with the pleading requirements set forth in the Federal Rules of Civil Procedure.

Moreover, the Delaware affidavit of merit statute does not require the plaintiff to "augment" the complaint with additional facts. Appellant's Br., at 45. "[W]hile the requirements of Section 6853 play an important role in preventing frivolous claims, they are purposefully minimal." <u>Dishmon</u>, 32 A.3d at 342-43. An "expert may comply with Section 6853 by providing an affidavit of merit that tracks the statutory language." <u>Id.</u> Berk cites, out of context, a sentence in <u>Beckett v. Beebe Med. Ctr., Inc.</u>, 897 A.2d 753 (Del. 2006), to bolster his argument that the Delaware affidavit of merit statute requires a plaintiff to augment the allegations in his complaint. Appellant's Br., at 45. <u>Beckett</u>, however, addressed whether the "foreign object" exception set forth in Section 6853 applied to excuse the filing of an affidavit of merit. <u>Beckett</u>, 897 A.2d at 757. The Delaware Supreme Court reviewed the facts alleged in the complaint to determine whether the exception applied. It did not require that a plaintiff augment his complaint or allege any particular facts, rather; the Court considered whether the allegations in the complaint fell within an exception to the affidavit of merit requirement. To suggest that <u>Beckett</u> supports a heightened pleading standard is disingenuous.

Berk claims that the contents of the Delaware affidavit of merit impose a heightened pleading requirement that conflicts with federal rules, but this contention also fails. The Delaware affidavit of merit statute provides that the affidavit "shall set forth the expert's opinion that there are reasonable grounds to believe that the

applicable standard of care was breached by the named defendant or defendants and that the breach was a proximate cause of injury or injuries claimed in the complaint." 18 Del. C. § 6853 (c). This is analogous to Pennsylvania's certificate of merit requirement which this Court has held applies in federal diversity actions and does not conflict with Federal Rules 8, 9, 11 or 41(b). <u>Liggon-Redding</u>, <u>supra</u>. The Pennsylvania rule requires a statement that "an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm." Pa.R.C.P. 1042.3 (a)(1).

Berk's argument also relies heavily on decisions from other Circuits. He urges this Court to join those Circuits in holding that a state affidavit of merit requirement does not apply in federal court. However, the majority of those cases involve claims arising under the Federal Tort Claims Act (FTCA). <u>See, e.g.</u>, <u>Pledger v. Lynch</u>, 5 F.4th 511 (4th Cir. 2021); <u>Corley v. United States</u>, 11 F.4th 79 (2d Cir. 2021); <u>Young v. United States</u>, 942 F.3d 349 (7th Cir. 2019); <u>Gallivan v. United States</u>, 943 F.3d 291 (6th Cir. 2019). This includes the so-called "leading case" on the issue, the Sixth Circuit's decision in <u>Gallivan</u>. Appellant's Br., at 13. None of these cases are instructive. In <u>Wilson v. United States</u>, 79 F.4th 312 (3d Cir. 2023) this Court held that FTCA cases involve a different analysis regarding the

applicability of an affidavit of merit statute. This Court concluded that the choice-of-law principles underpinning the Erie doctrine, applicable in diversity cases, do not apply in the FTCA context. Id. at 318-19. Berk's heavy reliance on FTCA cases is thus misplaced.

Contrary to the arguments advanced by Berk, there is no conflict between the Delaware affidavit of merit statute and Federal Rules 8, 9, 11 and 12. These rules can operate alongside the Delaware affidavit of merit statute and there is no "direct collision." Shady Grove, 559 U.S. at 421 (Stevens, J., concurring) (quoting Walker, 446 U.S. at 750, n. 9).

**B.** **The statute applies in diversity actions regardless of a conflict**

Even if this Court concludes that the Delaware affidavit of merit statute conflicts with Federal Rules of Civil Procedure 8, 9, 11 or 12, the statute still applies in federal diversity actions under the Enabling Act inquiry set forth in Justice Steven's concurrence. The opinion of Justice Stevens, who "concurred in the judgments on the narrowest grounds," provides the controlling analysis of Shady Grove. See Marks v. United States, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.'" (quoting Gregg v. Georgia, 428 U.S. 153, 169 n. 15 (1976) (opinion of Stewart,

Powell, and Stevens, JJ.)). Under that analysis, the affidavit of merit statute is part of Delaware's "framework of substantive rights or remedies." Shady Grove, 559 U.S. at 419 (Stevens, J. concurring). Refusing to apply the Delaware affidavit of merit statute in diversity cases would "abridge, enlarge or modify" Delaware's substantive rights or remedies. Id. at 436 (Stevens, J., concurring).

In his opinion concurring in the judgment, Justice Stephens espoused the view that when a federal rule and a state statute directly conflict, the federal rule "cannot govern a particular case in which the rule would displace a state law that is ... so intertwined with a state right or remedy that it functions to define the scope of the state-created right." Id. at 423 (Stevens, J., concurring). Even a state law that appears to be procedural in nature may in some instances be "sufficiently intertwined with a state right or remedy" that there would be an Enabling Act problem. Id. Some state procedural rules "become so bound up with the state-created right or remedy that it defines the scope of that substantive right or remedy." Id. at 420 (Stevens, J., concurring). This is true where a "seemingly procedural rule[]" makes it "significantly more difficult to bring or to prove a claim, thus serving to limit the scope of that claim." Id.

The Delaware affidavit of merit statute "functions to define the scope of a state-created right" and, as such, applies in federal diversity actions. Id. at 423 (Stevens, J., concurring). Unlike the New York statute in Shady Grove, which

applied "not only to claims based on New York law but also to claims on federal law or the law of any other State," id. at 432, the affidavit of merit requirement in the Delaware statute applies only to medical negligence actions filed in Delaware, i.e., cases subject to Delaware substantive law. 18 Del. C. § 6853. Moreover, the affidavit of merit statute is not a separate procedural rule; rather, it is part of a comprehensive legislative scheme that addresses medical negligence insurance and litigation. See 18 Del. C. §§ 6801-68. And, by requiring a showing that "there are reasonable grounds to believe that there has been health-care medical negligence committed by each defendant," at the time the complaint is filed, Section 6853 makes it "significantly more difficult to bring ... a claim." Shady Grove, 559 U.S. at 420 (Stevens, J, concurring).

In short, refusing to apply the Delaware affidavit of merit statute in diversity cases would "abridge, enlarge or modify" a substantive right granted by the Delaware statute with respect to the filing of medical negligence claims. Id. at 436 (Stevens, J., concurring). Disregarding the statute would allow a plaintiff filing suit in federal court on the basis of diversity jurisdiction to bring a claim that cannot be brought in state court. Because the affidavit of merit statute functions to define the scope of a plaintiff's right to assert a medical negligence claim under Delaware law, it is substantive for Rules Enabling Act purposes.

**C. Failure to apply the statute would contravene the dual aims of Erie**

Because there is no valid Federal Rule of Civil Procedure that governs, this Court must examine "whether the state law is outcome-determinative and whether failure to apply the state law would frustrate the twin aims of the Erie Rule to discourage forum shopping and avoid inequitable administration of the law." Schmigel, 800 F.3d at 119 (quoting Liggon-Redding, 659 F.3d at 262). It also considers "whether any countervailing federal interests prevent the state law from being applied in federal court." Id. This Court addressed these questions in the context of the New Jersey affidavit of merit requirement and the Pennsylvania certificate of merit requirement. The same rationale applies here.

First, failing to apply the Delaware affidavit of merit statute in a federal action where no affidavit of merit was filed "would produce a different outcome than that mandated in a state proceeding." Chamberlain, 210 F.3d at 161; Liggon-Redding, 659 F.3d at 264. Second, "a failure to apply the statute would be contrary to the twin aims of Erie because a meritless malpractice claim in federal court could not be ended at the same early stage as in state court, thus encouraging forum shopping by plaintiffs and unfairly exposing professionals to meritless claims." Schmigel, 800 F.3d at 120 (citing Chamberlain, 210 F.3d at 161); see also id. (citing Liggon-Redding, 659 F.3d at 262). A non-diverse plaintiff in state court would be required to comply with the affidavit of merit requirement, while a plaintiff in federal court

could avoid the requirement "simply because he or she is a citizen of a different state." Liggon-Redding, 659 F.3d at 264. And, "a defendant in a federal court that refused to apply the affidavit requirement would be unfairly exposed to additional litigation time and expense before the dismissal of a non-meritorious lawsuit could be secured, merely because the plaintiff is a citizen of a different state." Chamberlain, 210 F.3d at 161. Finally, there are no strong countervailing federal interests that prevent the Delaware affidavit of merit statute from being applied in federal court.

Based on the foregoing, the Delaware affidavit of merit statute is also substantive under an Erie analysis. The statute thus applies in federal diversity actions.

## II.   THE COURT'S EXISTING AUTHORITY ADDRESSING NEW JERSEY AND PENNSYLVANIA AFFIDAVIT OF MERIT AND CERTIFICATE OF MERIT REQUIREMENTS REMAINS GOOD LAW

This Court should reject Berk's invitation to overrule its past decisions which hold that the New Jersey and Pennsylvania affidavit of merit and certificate of merit requirements apply in federal diversity actions. Berk argues that the Court's past precedents do not apply to the Delaware affidavit of merit statute and that, if the precedents are applied to support affirmance, those cases should be overruled. Appellant's Br., at 50-51. He contends that "the conflicts analysis in Chamberlain,

Liggon-Redding, Nuveen, and Schmigel were inconsistent with Shady Grove."
Appellant's Br., at 50. This is not true.

In Chamberlain this Court held that the New Jersey affidavit of merit requirement applies in federal diversity actions, and this holding was reaffirmed in Nuveen. In Liggon-Redding this Court held that the Pennsylvania certificate of merit requirement applies in federal diversity actions, and this holding was reaffirmed in Schmigel. In Chamberlain and Liggon-Redding the Court concluded that the New Jersey and Pennsylvania affidavit of merit/certificate of merit requirements do not conflict with Federal Rules of Civil Procedure 8, 9, 11, or 41(b). In the absence of a conflict, and having found that the requirements can co-exist with the federal rules, the Court next properly engaged in an inquiry under Erie and its progeny. Shady Grove, 559 U.S. at 421 (Stevens, J., concurring). The Court was not required to engage in an analysis of the Rules Enabling Act which was addressed by Shady Grove in a fractured decision. Shady Grove only requires an analysis of the Rules Enabling Act where the federal rule is "sufficiently broad to control the issue before the Court," such that there is a "direct collision." Id. at 422 (quoting Walker, 446 U.S. at 749-50). Nothing in Shady Grove suggests or otherwise holds that this Court's past precedent should be overruled to align with post-Shady Grove decisions rendered by other Courts of Appeals.

Moreover, to the extent that this Court did not need to conduct an Enabling Act inquiry in its prior decisions, such an analysis in this case supports application of the Delaware affidavit of merit statute in federal diversity actions even if this Court finds a "direct collision" with Federal Rules 8, 9, 11 or 12. As set forth above, the opinion of Justice Stevens, who "concurred in the judgments on the narrowest grounds," provides the controlling analysis of <u>Shady Grove</u>. <u>See</u> <u>Marks</u>, 430 U.S. at 193. Under Justice Stevens' Enabling Act inquiry, the Delaware affidavit of merit statute is so "intertwined with a state right or remedy that it functions to define the scope of the state-created right." <u>Id.</u> at 423 (Stevens, J., concurring).[3] The Delaware affidavit of merit statute is thus substantive under an Enabling Act inquiry. It is also substantive under an <u>Erie</u> analysis for the reasons set forth in this Court's prior decisions. This Court can (and should) hold that the Delaware affidavit of merit statute applies in federal diversity actions pursuant to Justice Stevens' Enabling Act inquiry without disturbing its past precedents. And, if the Court agrees with Beebe that the statute does not conflict with Federal Rules 8, 9, 11 or 12, the <u>Shady Grove</u> Enabling Act inquiry is not implicated.

---

[3] In <u>Chamberlain</u> this Court stated: "There is, of course, no contention that Federal Rules 8 and 9 are beyond the scope of the Rules Enabling Act or inconsistent with the Constitution." <u>Chamberlain</u>, 210 F.3d at 160. But this Court did not have the benefit of Justice Stevens' controlling analysis under the Enabling Act as set forth in <u>Shady Grove</u>. This passing statement, referenced in Berk's brief, does not compel the same perfunctory conclusion in this case. Appellant's Br., at 41.

## <u>CONCLUSION</u>

This Court should affirm the District Court's ruling dismissing Berk's medical

negligence claims for failure to comply with the Delaware affidavit of merit statute.


Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

By: _/s/ Carol VanderWoude_
        Carol A. VanderWoude, Esquire
        PA ID No.: 94967
        2000 Market Street, Suite 2300
        Philadelphia, PA  19103
        215-575-2643
        Attorney for Appellee,
        Beebe Medical Center, Inc.

## CERTIFICATION OF BAR MEMBERSHIP

The undersigned hereby certifies that, pursuant to 3rd Circuit Local Appellate Rules 28.3(d), Carol A. VanderWoude, Esquire, is a member of the bar of the Third Circuit.

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 7090.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14 point Times New Roman.

3. The undersigned hereby certifies that the text of the electronic brief is identical to the text of the paper copies, and the McAfee ViruScan Enterprise 8.0.0 detection program has been run on the file and no virus has been detected.

**MARSHALL DENNEHEY, P.C.**

By: */s/ Carol VanderWoude*
   Carol A. VanderWoude, Esquire

Date: December 4, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Brief of Appellee has been

served on all counsel of record in this appeal, via the electronic filing system.

**MARSHALL DENNEHEY, P.C.**

By: _/s/ Carol VanderWoude_
Carol A. VanderWoude, Esquire

Date: December 4, 2023