No. 23-1620

# In the United States Court of Appeals for the Third Circuit

HAROLD R. BERK,
*Plaintiff-Appellant,*

*v.*

WILSON C. CHOY, MD, ET AL.,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of Delaware
No. 1:22-cv-01506-RGA (Hon. Richard G. Andrews)

## PLAINTIFF-APPELLANT'S REPLY BRIEF

R. Stanton Jones
Andrew T. Tutt
Samuel I. Ferenc
Minjae Kim
Katie Weng
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
sam.ferenc@arnoldporter.com

*Counsel for Plaintiff-Appellant Harold R. Berk*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................. ii

INTRODUCTION ............................................................................. 1

ARGUMENT ..................................................................................... 2

I.    This Action Was Timely Filed ................................................ 2

II.   Delaware's Affidavit of Merit Statute Does Not Apply in Federal Court .......................................................................................... 7

    A.   *Shady Grove* Displaces This Court's Prior Conflicts Analysis ............................................................................... 9

    B.   The Delaware Affidavit of Merit Statute Conflicts with Multiple Federal Rules ..................................................... 15

    C.   Justice Stevens's *Shady Grove* Concurrence Does Not Control, Nor Require Applying the Delaware Affidavit Statute Here ..................................................................... 21

    D.   The Delaware Statute is Procedural Under *Erie* ......................... 24

CONCLUSION ................................................................................. 29

CERTIFICATE OF BAR MEMBERSHIP ..................................... 31

CERTIFICATE OF SERVICE ......................................................... 32

CERTIFICATE OF COMPLIANCE ............................................... 33

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbas v. Foreign Pol'y Grp., LLC,*
    783 F.3d 1328 (D.C. Cir. 2015)...............................................7, 8, 10, 11, 12, 22

*Albright v. Christensen,*
    24 F.4th 1039 (6th Cir. 2022) ....................................................................10, 14

*Beckett v. Beebe Med. Ctr., Inc.,*
    897 A.2d 753 (Del. 2006) ....................................................................................17

*Carbone v. Cable News Network, Inc.,*
    910 F.3d 1345 (11th Cir. 2018) ..................................................................10, 11

*Chamberlain v. Giampapa,*
    210 F.3d 154 (3d Cir. 2000) ................................12, 13, 17, 22, 25, 28

*CoreCivic, Inc. v. Candide Grp., LLC,*
    46 F.4th 1136 (9th Cir. 2022) ....................................................................10, 11

*Corley v. United States,*
    11 F.4th 79 (2d Cir. 2021)................................................................10, 14, 27, 28

*Dambro v. Meyer,*
    974 A.2d 121 (Del. 2009) ....................................................................................18

*DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.,*
    10 F.4th 192 (3d Cir. 2021)................................................................................26

*DirecTV, Inc. v. Seijas,*
    508 F.3d 123 (3d Cir. 2007) ................................................................................3

*Dishmon v. Fucci,*
    32 A.3d 338 (Del. 2011) ........................................................................17, 23, 27

*Duross v. Connections CSP, Inc.,*
    2019 WL 4391231 (Del. Super. Ct. Sept. 13, 2019)........................................17

*Enhaili v. Patterson,*
    197 A.3d 491, 2018 WL 5877282 (Del. 2018)....................................18

*Erie R.R. Co. v. Tompkins,*
    304 U.S. 64 (1938)..........................................................................26

*Erie Telecomms., Inc. v. City of Erie,*
    659 F. Supp. 580 (W.D. Pa. 1987)....................................................6

*Gallivan v. United States,*
    943 F.3d 291 (6th Cir. 2019)................................................10, 14, 22

*Godin v. Schencks,*
    629 F.3d 79 (1st Cir. 2010) ........................................................11, 12

*Hanna v. Plumer,*
    380 U.S. 460 (1965)........................................................................25

*Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.,*
    602 F.3d 237 (3d Cir. 2010) .............................................................6

*Jaworowski v. Ciasulli,*
    490 F.3d 331 (3d Cir. 2007) .............................................................4

*State ex rel. Jennings v. Purdue Pharma L.P.,*
    2019 WL 4676723 (Del. Super. Ct. Sept. 25, 2019).......................18

*In re Kane,*
    628 F.3d 631 (3d Cir. 2010) .............................................................5

*Klocke v. Watson,*
    936 F.3d 240 (5th Cir. 2019)......................................................10, 11

*La Liberte v. Reid,*
    966 F.3d 79 (2d Cir. 2020) .............................................................11

*Liggon-Redding v. Est. of Sugarman,*
    659 F.3d 258 (3d Cir. 2011) ....................................12, 17, 19, 21, 25

*Los Lobos Renewable Power, LLC v. AmeriCulture, Inc.,*
    885 F.3d 659 (10th Cir. 2018)........................................................11

*Makaeff v. Trump Univ., LLC,*
715 F.3d 254 (9th Cir. 2013)..............................................................11

*Makaeff v. Trump Univ., LLC,*
736 F.3d 1180 (9th Cir. 2013)............................................................11

*Mammarella v. Evantash,*
93 A.3d 629 (Del. 2014) ......................................................................16

*Marks v. United States,*
430 U.S. 188 (1977)................................................................................8

*Martin v. Pierce County,*
34 F.4th 1125 (9th Cir. 2022) ....................................................10, 14

*MD Mall Assocs., LLC v. CSX Transp., Inc.,*
715 F.3d 479 (3d Cir. 2013) ................................................................5

*Moore v. John A. Luchsinger, P.C.,*
862 A.2d 631 (Pa. Super. Ct. 2004)................................................17

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.,*
190 F.3d 963 (9th Cir. 1999).......................................................11, 12

*In re Niaspan Antitrust Litig.,*
67 F.4th 118 (3d Cir. 2023)..................................................................3

*Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v.*
*WithumSmith Brown, P.C.,*
692 F.3d 283 (3d Cir. 2012) .........................................13, 16, 17, 22

*Pledger v. Lynch,*
5 F.4th 511 (4th Cir. 2021) .......................................2, 10, 14, 19, 22

*Rowell v. Stecker,*
698 F. App'x 693 (3d Cir. 2017) ........................................................4

*Schmigel v. Uchal,*
800 F.3d 113 (3d Cir. 2015) ....................................12, 18, 20, 25, 28

*Schmitz v. Colo. State Patrol,*
841 F. App'x 45 (10th Cir. 2020)......................................................15

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,*
    559 U.S. 393 (2010)................................................*passim*

*Shields v. United States,*
    436 F. Supp. 3d 540 (D. Conn. 2020)............................................27

*Sibbach v. Wilson & Co.,*
    312 U.S. 1 (1941).................................................................8, 22

*Smith v. Kobasa,*
    113 A.3d 1081, 2015 WL 1903546 (Del. 2015)....................18, 20

*Stephens v. Clash,*
    796 F.3d 281 (3d Cir. 2015) ..................................................4

*State ex rel. Strange v. King,*
    112 So.2d 457 (Ala. 1959)....................................................27

*Wilson v. United States,*
    79 F.4th 312 (3d Cir. 2023)..........................14, 15, 23, 27

*Wisniewski v. Fisher,*
    857 F.3d 152 (3d Cir. 2017) ..................................................6

*Young v. United States,*
    942 F.3d 349 (7th Cir. 2019)................................................10

## Statutes

18 Del. C. § 6853(a)(1)...............................................................20

18 Del. C. § 6853(a)(2)...............................................................18

18 Del. C. § 6853(d) .............................................................20, 23

18 Del. C. § 6853(e) ..................................................................28

18 Del. C. § 6856(4) ...............................................................2, 4

42 U.S.C. § 1983 ......................................................................14

v

## INTRODUCTION

Appellees urge this Court to disregard *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010), and the refined framework it set out for evaluating conflicts between state and federal rules. But as Mr. Berk has already explained, *Shady Grove*'s result was clear: A state provision that "attempts to answer the same question" as a valid Federal Rule of Civil Procedure—as Delaware's affidavit-of-merit (AOM) statute does—cannot apply in federal court. *Id.* at 399. In responding, Encompass and Beebe misinterpret *Shady Grove*'s impact on this Court's case law and confuse the conflicts analysis, raising steps of the *Erie* inquiry that this Court need not reach. Encompass (but not Beebe) also advances a meritless and forfeited timeliness argument that fails several times over.

In insisting the Delaware statute applies in federal court, Appellees repeatedly state an obvious contradiction, arguing that the affidavit requirement is at once a de minimis hurdle with no bearing on liability, but also "so intertwined" with substantive state law that it defines the scope of a state-created right. Under a straightforward application of *Shady Grove*, the Court need not resolve that contradiction: Whether minimal or maximal, a little procedural or a lot, Delaware's AOM requirement answers the same

question as multiple valid Federal Rules and therefore has no place in federal court. This Court should accordingly join the "growing consensus" of circuits that have correctly applied *Shady Grove* and held that state affidavit rules "do not govern actions in federal court." *Pledger v. Lynch*, 5 F.4th 511, 518 (4th Cir. 2021). But if the Court finds it necessary to retain its prior case law and wade into *Erie*'s murky waters, it should hold that Delaware's affidavit statute is state procedural law under *any* framework, even the pre-*Shady Grove* framework, and reverse and remand on that basis.

## ARGUMENT

### I. This Action Was Timely Filed

At the outset, the Court should reject Encompass's forfeited and meritless argument that Mr. Berk's claims are somehow time-barred. Encompass's reasoning is circuitous and strained, but in brief, Encompass asserts that Delaware's ninety-day tolling period for medical negligence claims is available only to plaintiffs who submit an affidavit of merit. Encompass Br. 38-39 (citing 18 Del. C. § 6856(4)). Thus, Encompass says, Mr. Berk's use of the tolling period estopped him from challenging the affidavit requirement, and his claims filed within the tolling period should be deemed untimely to remedy the supposed inconsistency. *Id.* at 34-38.

Encompass is wrong on the law, the facts, and the equities, but as an initial matter, this argument is forfeited and the Court need not consider it at all. "It is well established that arguments not raised before the District Court are [forfeited] on appeal." *In re Niaspan Antitrust Litig.*, 67 F.4th 118, 135 (3d Cir. 2023) (alteration in original) (quoting *DirecTV, Inc. v. Seijas*, 508 F.3d 123, 125 n.1 (3d Cir. 2007)). Encompass at no point argued in the District Court that Mr. Berk's position on the AOM statute rendered his medical negligence claims untimely. Encompass moved to dismiss as time-barred the intentional tort claims Mr. Berk pleaded in an amended complaint and later withdrew, but Encompass expressly distinguished Mr. Berk's original medical negligence claims and never suggested they were filed too late. *See* JA161-64. By that point, Mr. Berk had raised his argument that the affidavit statute does not apply in federal court, JA104-18, and Encompass and its codefendants had opposed it, *see* JA143-58, JA160-61, yet Encompass drew no link between that issue and timeliness, nor made any claim about estoppel. Encompass's time-bar and estoppel argument is a new invention for this appeal, and the Court should therefore dismiss it out of hand.

Even if Encompass's argument were properly before the Court, it would fail on the merits because there is zero contradiction between Mr. Berk's

exercise of his statutory right to tolling and his argument that the affidavit requirement does not apply in this diversity case.[1] Unlike the affidavit statute, it is black-letter law that statutes of limitations are substantive for *Erie* purposes. *See Stephens v. Clash*, 796 F.3d 281, 289 (3d Cir. 2015) ("[A] federal court must apply the substantive laws of its forum state in diversity actions, and these include state statutes of limitations." (citation omitted)). That principle extends to state tolling provisions, *Rowell v. Stecker*, 698 F. App'x 693, 695 n.4 (3d Cir. 2017) (citing *Jaworowski v. Ciasulli*, 490 F.3d 331, 333-34 (3d Cir. 2007)), including the ninety-day tolling period under 18 Del. C. § 6856(4). Accordingly, there was nothing inconsistent in Mr. Berk timely filing his complaint within the period set by Delaware law (which applies in federal court) and challenging the affidavit statute (which does not).

Nor is there any support for the connection Encompass attempts to draw between the tolling and affidavit statutes. Nothing in the text of the two provisions connects them, so Encompass (at 36-38) resorts to a scrap of legislative history that is equivocal at best and cannot remotely bear the

---

[1] Encompass states that the Notice of Intent to Investigate letter that Mr. Berk sent to trigger the tolling period "was missing from the Joint Appendix, despite being included as an exhibit to the Complaint." Encompass Br. 2. But the parties exchanged Joint Appendix designations, and Encompass did not list the Notice; if it had, Mr. Berk would certainly have included it.

weight Encompass places on it. Encompass tellingly cites no other authority for the sweeping conclusion that it asks this Court to embrace.

Encompass's estoppel argument is also meritless. Even if the purpose of the tolling statute were specifically and exclusively to grant more time for the affidavit, that would not estop Mr. Berk from arguing—once it became clear he would be unable to procure the affidavit due to a lack of cooperation by his treating physicians, *see* JA35-39—that the affidavit requirement does not apply in federal court.[2] As this Court has "consistently stated," judicial estoppel "should only be applied to avoid a miscarriage of justice." *MD Mall Assocs., LLC v. CSX Transp., Inc.*, 715 F.3d 479, 486 (3d Cir. 2013) (citation omitted). Three criteria must be met: "there must be (1) irreconcilably inconsistent positions; (2) adopted in bad faith; and (3) a showing that estoppel addresses the harm and no lesser sanction is sufficient." *Id.* (citation omitted); *see In re Kane*, 628 F.3d 631, 639 (3d Cir. 2010) ("[A]ll three must be satisfied before a court opts to apply the doctrine."). Not one of those requirements is satisfied in this case, much less all three. Encompass does not even cite these

---

[2] As alleged in Mr. Berk's separate complaint in the Eastern District of Pennsylvania, JA187-243, Mr. Berk's inability to obtain an affidavit from his physicians at the Rothman Institute was not because they deemed his claims frivolous; rather, the complaint alleges that Mr. Berk's surgeon stated that Mr. Berk had a good case for a malpractice action, JA188, JA203-04.

governing standards, let alone attempt to demonstrate bad faith, a "threshold requirement[] for judicial estoppel." *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 253 n.6 (3d Cir. 2010).

Plainly unable to make such a showing, Encompass turns (at 35) to "quasi-estoppel," a nebulous variant that this Court has never expressly adopted and that still requires an "unconscionable" change in position. *Erie Telecomms., Inc. v. City of Erie*, 659 F. Supp. 580, 585 (W.D. Pa. 1987) (citation omitted). Mr. Berk's exercise of his state-law tolling rights in the initial stage of this action was utterly reasonable and involved no misrepresentations of any kind, let alone bad faith. Nor did Mr. Berk gain some inequitable advantage in having six extra weeks to file his complaint after Encompass claims his initial statute of limitations passed.[3] In fact, Encompass fails to identify any prejudice at all that resulted from Mr. Berk's purportedly inconsistent positions, putting the final nail in the coffin for its already forfeited argument. Encompass's attempt to not only short-circuit this appeal, but also to

---

[3] This argument, too, is suspect; Encompass asserts that the limitations period for Mr. Berk's claims against it began on a date certain, but this is a factually complex case with multiple defendants and an injury that worsened through several periods of treatment. *See* Br. 21-25. Under those circumstances, further factual development is essential before a timeliness determination can even be made, which precludes any up-front dismissal on limitations grounds. *See, e.g.*, *Wisniewski v. Fisher*, 857 F.3d 152, 158 (3d Cir. 2017).

retroactively terminate Mr. Berk's claims, fails at every turn and is no barrier to reversing the decision below.

## II. Delaware's Affidavit of Merit Statute Does Not Apply in Federal Court

Turning to the merits, Appellees fundamentally misread the Supreme Court's decision in *Shady Grove* and ask this Court to ignore its clear mandate. As Appellees acknowledge, Encompass Br. 16-17; Beebe Br. 3, a growing consensus of circuits have recognized that *Shady Grove* refined the framework for evaluating conflicts between federal and state rules: A state rule that "attempts to answer the same question" as a valid Federal Rule of Civil Procedure cannot apply in federal court. 559 U.S. 393, 399 (2010). Properly applying *Shady Grove*, this case is straightforward: Delaware's affidavit-of-merit statute does not govern here because it attempts to answer the same question as multiple valid Federal Rules. *See* Br. 35-43. The Court should accordingly reverse and remand.

In addition to disregarding the holding of *Shady Grove*, Appellees also ask the Court to embrace the Rules Enabling Act analysis that Justice Stevens advocated in his solo concurrence in that case. Encompass Br. 28-30; Beebe Br. 25-27. The Court should reject that invitation. As then-Judge Kavanaugh explained in *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328 (D.C. Cir.

2015), Justice Stevens's concurrence cannot be considered the narrowest opinion or middle ground under *Marks v. United States*, 430 U.S. 188 (1977), so it does not control. *Abbas*, 783 F.3d at 1337. Because *Shady Grove* included no majority ruling on the Rules Enabling Act, courts must apply the existing precedent, under which a federal rule is valid as long as it "really regulates procedure." *Id.* (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941)). Appellees do not dispute, nor could they, that Federal Rules 8, 9, 11, and 12 really regulate procedure. That should be the end of this case: Those rules displace the conflicting Delaware AOM statute in federal court.

The same would be true even if Justice Stevens's concurrence did control; the affidavit provision is not "so intertwined with a state right or remedy that it functions to define the scope of the state-created right." *Shady Grove*, 559 U.S. at 423 (Stevens, J., concurring). Other provisions of the broader Delaware medical malpractice regime may be substantive, but the affidavit requirement decidedly is not. As Appellees concede, and in fact repeatedly emphasize, the AOM requirement is "purposefully minimal"—a procedural box plaintiffs check as part of initiating a medical negligence case in Delaware court—and has no bearing on a plaintiff's ultimate right to recovery. Encompass Br. 21, 25; Beebe Br. 19-21, 23. That is the definition of

a mere state-court procedural rule that undermines the uniformity and consistency of federal procedure without furthering any important state substantive policy.  Under any approach to the conflicts analysis—including if the Court reaches the ultimate "twin aims" *Erie* inquiry—the Delaware statute cannot apply in federal court.  This Court should reverse and remand.

### A. *Shady Grove* Displaces This Court's Prior Conflicts Analysis

In effect, Appellees' response to *Shady Grove* is that this Court should "[p]ay no attention to that [precedent] behind the curtain."  THE WIZARD OF OZ (Metro-Goldwyn-Mayer 1939).  But the *Shady Grove* majority was as clear as day: When confronted with potentially conflicting state and federal rules, federal courts, having jurisdiction, must proceed by asking whether the state rule "attempts to answer the same question" as any valid federal rules.  559 U.S. at 399.  If so, there is a conflict, and the state rule is displaced and the court must apply the federal rules over the state rule.  *Id.* at 398.  The "subjective intentions of the state legislature" in enacting the conflicting rule are irrelevant; the "objective" of a state statute "cannot override the statute's clear text," which courts cannot "rewrite" to "reflect [their] perception of legislative purpose."  *Id.* at 403-04.

Several circuits—a "growing consensus"—have correctly applied this framework to hold that state affidavit or certificate-of-merit provisions "do not govern actions in federal court." *Pledger v. Lynch*, 5 F.4th 511, 518 (4th Cir. 2021); *see Corley v. United States*, 11 F.4th 79 (2d Cir. 2021); *Gallivan v. United States*, 943 F.3d 291 (6th Cir. 2019); *Albright v. Christensen*, 24 F.4th 1039 (6th Cir. 2022); *see also Martin v. Pierce County*, 34 F.4th 1125 (9th Cir. 2022); *Young v. United States*, 942 F.3d 349 (7th Cir. 2019). And multiple other circuits have applied it to reject application of other state provisions imposing procedural requirements that conflict with the Federal Rules. *See, e.g.*, *Abbas*, 783 F.3d 1328; *Klocke v. Watson*, 936 F.3d 240 (5th Cir. 2019); *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345 (11th Cir. 2018).

Appellees have no meaningful answer to the *Shady Grove* majority's clear directive or this rising tide of case law correctly applying it. Encompass argues first that *Shady Grove* "did not significantly alter the framework" for conflicts analysis, Encompass Br. 10, 12-13, citing the Ninth Circuit's outlier decision in *CoreCivic, Inc. v. Candide Group, LLC*, 46 F.4th 1136 (9th Cir. 2022). But that decision transparently strained to preserve the Ninth Circuit's legislative-purpose-based approach to conflicts from before *Shady Grove*, despite acknowledging in a lengthy string cite that a strong majority of circuits

disagree.  *See CoreCivic*, 46 F.4th at 1142 (citing *La Liberte v. Reid*, 966 F.3d 79, 86-88 (2d Cir. 2020); *Klocke*, 936 F.3d at 244-49; *Carbone*, 910 F.3d at 1349-57; *Los Lobos Renewable Power, LLC v. AmeriCulture, Inc.*, 885 F.3d 659, 668-73 (10th Cir. 2018); *Abbas*, 783 F.3d at 1333-37).

The Ninth Circuit's resistance to *Shady Grove* and stubborn adherence to its prior doctrine have also been sharply criticized by some of its judges, as then-Judge Kavanaugh noted in rejecting that court's approach in *Abbas*.  *See Makaeff v. Trump Univ., LLC*, 736 F.3d 1180, 1188-92 (9th Cir. 2013) (Watford, J., dissenting from denial of rehearing en banc) ("*Shady Grove* … should have led us to revisit—and reverse—our precedent permitting application of [conflicting] state … statutes in federal court."); *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 274-75 (9th Cir. 2013) (Kozinski, C.J., concurring) (arguing the pre-*Shady Grove* precedent, *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999), "was a big mistake"); *Abbas*, 783 F.3d at 1335-36 ("[W]e agree with Judge Kozinski and Judge Watford that those decisions [applying prior Ninth Circuit precedent] are ultimately not persuasive.").  *CoreCivic* is not a model this Court should follow.  Nor is the First Circuit's decision in *Godin v. Schencks*, 629 F.3d 79 (1st Cir. 2010), which acknowledged but misapprehended the

"answer the same question" test and instead relied chiefly on language from Justice Stevens's concurrence, as well as the Ninth Circuit's pre-*Shady Grove* cases, to reach the wrong result. *See id.* at 86-91 (citing *Newsham*, 190 F.3d at 972); *see also Abbas*, 783 F.3d at 1335 (rejecting *Godin*). This Court should reject the First and Ninth Circuits' positions and join the growing consensus of circuits, including the Second, Fourth, Fifth, Sixth, and Seventh, that follow *Shady Grove*'s dictates faithfully and apply the Federal Rules over inconsistent state provisions.

Encompass also looks for support in this Court's existing case law, but it finds none. The Court's decisions in *Schmigel v. Uchal*, 800 F.3d 113 (3d Cir. 2015), and *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258 (3d Cir. 2011), merely applied its prior ruling in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000), without considering *Shady Grove* at all, let alone explaining how its refinement of the conflicts framework could be reconciled with this Court's precedents. *See* Br. 18-19. Encompass claims that *Liggon-Redding* followed the same conflicts analysis as *Shady Grove* because *Shady Grove* used the word "reconciled" to describe the analysis's first step. Encompass Br. 14. But that fails immediately upon reviewing the full passage from *Shady Grove*, which states: "We understand [Justice Stevens's concurrence] to accept the

framework we apply—which requires first, determining whether the federal and state rules can be reconciled (*because they answer different questions*), and second, if they cannot, determining whether the Federal Rule runs afoul of § 2072(b)." 559 U.S. at 410 (plurality opinion) (emphasis added). The plurality plainly did not mean "reconciled" in the way Encompass asserts.

Encompass runs into similar issues with this Court's decision in *Nuveen Municipal Trust ex rel. Nuveen High Yield Municipal Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283 (3d Cir. 2012). *See* Encompass Br. 15-16. The Court in *Nuveen* noted the *Shady Grove* "plurality['s]" discussion of what this Court called the "second caveat to the *Erie* analysis," which is that "the *Erie* rule cannot void a Federal Rule of Civil Procedure 'so long as the federal rule is authorized by the Rules Enabling Act and consistent with the Constitution.'" *Nuveen*, 692 F.3d at 302 (quoting *Chamberlain*, 210 F.3d at 159). That is the *second* step of the inquiry, assessing whether a state rule should apply in spite of an identified conflict. *Nuveen* said nothing about the holding of the majority in *Shady Grove* on the *first* step, *i.e.*, determining whether a conflict exists in the first place. For that analysis, *Nuveen* relied solely on *Chamberlain* and *Liggon-Redding*. *Id.* at 303-04. Encompass's

effort to reconcile those cases with *Shady Grove* fails, as does Beebe's, *see* Beebe Br. 18, 29-31.

Appellees also point to this Court's decision in *Wilson v. United States*, 79 F.4th 312 (3d Cir. 2023), claiming that it somehow rejected the *Shady Grove* analysis from the *Pledger* and *Gallivan* cases in the Fourth and Sixth Circuits and similar rulings elsewhere. Encompass Br. 16-17; Beebe Br. 24-25. But *Wilson* did not mention *Shady Grove*, let alone examine how those cases from other circuits applied *Shady Grove*'s "answer the same question" test. To be sure, Appellees are correct that *Pledger* and *Gallivan* arose under the Federal Tort Claims Act and that this Court in *Wilson* found that point material. But to determine whether to apply state affidavit-of-merit rules, *Pledger* and *Gallivan* each asked whether such provisions can validly apply "in federal court"—not merely in FTCA cases—and ruled they could not. *Pledger*, 5 F.4th at 514, 518-20; *Gallivan*, 943 F.3d at 294, 297; *see also Corley*, 11 F.4th at 88; *Albright*, 24 F.4th at 1046. Encompass similarly claims the *Martin* case in the Ninth Circuit is irrelevant because federal jurisdiction there arose under 42 U.S.C. § 1983. Encompass Br. 17-18 (citing *Martin*, 34 F.4th at 1128). But *Martin*, too, framed the conflicts question as whether a state rule may apply "in federal court." 34 F.4th at 1126; *see id.* at 1129 (noting the "'growing

consensus' among federal circuit courts that such certificate requirements do not govern actions in federal court, because they conflict with and are thus supplanted by the Federal Rules of Civil Procedure"). The Tenth Circuit did the same in another Section 1983 case. *Schmitz v. Colo. State Patrol*, 841 F. App'x 45, 50 (10th Cir. 2020) (citing and agreeing with *Gallivan* that "a state's heightened pleading requirements don't control in federal court").

What these decisions reflect and reinforce is that under *Shady Grove*, the source of federal jurisdiction is irrelevant; as long as a case is in federal court, valid federal rules displace any conflicting state rules. This Court's decision in *Wilson* did not address *Shady Grove*, relying instead on *Chamberlain* and its progeny for their approach to choice-of-law in diversity cases. 79 F.4th at 318-19 & n.5. As a result, the *Shady Grove* question this Court posed in its supplemental briefing letter in *Wilson* (which Appellees do not mention) remains live and ripe. *See* Br. 20, 50 (citing Clerk's Letter to Counsel, *Wilson v. United States*, No. 22-1940 (3d Cir. June 7, 2023), Doc. 45).

## B. The Delaware Affidavit of Merit Statute Conflicts with Multiple Federal Rules

Under *Shady Grove*, Delaware's affidavit-of-merit statute conflicts with federal pleading requirements, as well as federal rules and principles governing dismissal of complaints. The statute attempts to answer the same

question as Federal Rules 8, 9, 11, and 12, and thus cannot be applied in federal court. Br. 35-43. In disputing *Shady Grove*'s result and its plain application here, Appellees essentially leave this point unanswered. Instead, they retreat to this Court's existing precedents on the Pennsylvania and New Jersey provisions and claim they apply to Delaware's AOM statute as well. Encompass Br. 20-23; Beebe Br. 17-20. But those arguments fail for reasons Mr. Berk has already explained: Delaware's statute is materially distinct from the Pennsylvania and New Jersey rules and plainly imposes a pleading requirement. *See* Br. 43-50. Appellees' attempts to shoehorn the Delaware statute under the reasoning of *Chamberlain* and its progeny accordingly fail.[4]

The first and most critical distinction between the Delaware statute and the Pennsylvania and New Jersey provisions is the lack of "temporal separation" between "the filing of the complaint and the affidavit." *Nuveen*, 692 F.3d at 303; *see* Br. 34, 47.[5] Unlike in Pennsylvania and New Jersey, in Delaware an affidavit is required to "get through the courthouse doors." *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014). Temporal separation

---

[4] If the Court nonetheless finds that the Pennsylvania and New Jersey cases apply here, it should set them aside as inconsistent with *Shady Grove*, as the Court contemplated in the *Wilson* supplemental briefing letter. *See* Br. 50-55.
[5] Beebe concedes this point of distinction. *See* Beebe Br. 20, 22.

was the factor that this Court's holding in *Chamberlain* "was *premised on*" and the reason the Court held that Rule 8 "does not collide with" and "is not even implicated by the [New Jersey] Statute." *Nuveen*, 692 F.3d at 303 (quoting *Chamberlain*, 210 F.3d at 160) (emphasis added). Precisely the same logic applied in *Liggon-Redding*, where the Court emphasized that "like its New Jersey counterpart," the Pennsylvania certificate "need not be filed until well after the complaint," and thus "does not govern the content of pleadings or the level of specificity contained therein." 659 F.3d at 263. In addition, the Pennsylvania statute is "not 'self-enforcing'" and thus is waivable by a passive defendant. *Id.* at 260 n.2 (quoting *Moore v. John A. Luchsinger, P.C.*, 862 A.2d 631, 632-33 (Pa. Super. Ct. 2004)).

In Delaware, there is no temporal separation and no waiver is possible, because the AOM is a "filing requirement[]," without which the court "will not entertain the case." *Dishmon v. Fucci*, 32 A.3d 338, 342, 344-45 (Del. 2011). Delaware courts have made clear that the affidavit "must be filed together with [the] complaint," *Beckett v. Beebe Med. Ctr., Inc.*, 897 A.2d 753, 756 (Del. 2006), and that a "[c]omplaint is statutorily deficient" when it alleges medical negligence without including an AOM, *Duross v. Connections CSP, Inc.*, 2019 WL 4391231, at *3 (Del. Super. Ct. Sept. 13, 2019). The court may grant "a

single 60-day extension" for good cause, 18 Del. C. § 6853(a)(2), but the extension motion must accompany the complaint in place of the affidavit, *Smith v. Kobasa*, 113 A.3d 1081, 2015 WL 1903546, at \*2 (Del. 2015), and the court will dismiss the complaint if the extension period expires before a valid affidavit is lodged, *Enhaili v. Patterson*, 197 A.3d 491, 2018 WL 5877282, at \*1 (Del. 2018); *see* Encompass Br. 22 (citing *Enhaili* and agreeing).

To satisfy the statute, the Delaware affidavit must also include specific content beyond the complaint, setting forth "the expert's opinion that the defendants breached the applicable standard of care and that the breach was a proximate cause of the injury or injuries claimed." *Dambro v. Meyer*, 974 A.2d 121, 126 (Del. 2009). Requiring a plaintiff to file a supplemental document with the complaint in which an expert opines on the merit of the claims, even cursorily, imposes a hurdle to filing that exceeds the scope of the Federal Rules. *Contra* Encompass Br. 25-26; Beebe Br. 19-20, 22-23. As one Delaware court put it, "medical malpractice in Delaware requires a great deal more than notice pleading." *State ex rel. Jennings v. Purdue Pharma L.P.*, 2019 WL 4676723, at \*2 (Del. Super. Ct. Sept. 25, 2019). In short, the Delaware AOM is a pleading requirement that presents a "direct conflict" with the Federal Rules. *Schmigel*, 800 F.3d at 119.

Encompass's responses are flimsy and unavailing. Encompass first argues (at 20-21) that the Court should simply apply *Liggon-Redding*'s finding that the Pennsylvania rule is not a pleading requirement. But Encompass's analysis sidesteps the key temporal separation issue and fails to mention waiver at all. Encompass makes two points instead: that "an affidavit is not a pleading," and that the AOM statute would be in Delaware's court rules if it were a pleading requirement. Encompass Br. 25; *see* Beebe Br. 19. On the first, Mr. Berk has already explained why it does not matter that the AOM is an attachment and not contained in the complaint itself. Br. 39-40. Delaware courts plainly view the complaint and affidavit as a unitary submission for initiating a medical negligence action, which is the basis of the conflict with Federal Rules 8, 9, and 11. *Id.* at 39-40 (collecting cases); *see also Pledger*, 5 F.4th at 522 ("The Supreme Court rejected precisely this kind of hair-splitting in *Shady Grove*."). Encompass has no answer. On the second point, Pennsylvania's certificate requirement is a civil rule and nonetheless applies in federal court, *see Liggon-Redding*, 659 F.3d at 264-65; if anything, that Delaware's provision is statutory counsels *against* applying it here.

Encompass also argues that the Delaware requirement is consistent with Federal Rule 12 because under *Schmigel*, "the contents of the AOM form

the basis for a motion for summary judgment" and thus the AOM "has no effect on what is included in the pleadings." Encompass Br. 22-23 (citing *Schmigel*, 800 F.3d at 122). That may be true in Pennsylvania, but it makes no sense for Delaware, where as Encompass itself points out, "the AOM is neither discoverable nor admissible in the action." *Id.* at 25 (citing 18 Del. C. § 6853(d)); *see* Beebe Br. 20-21. *Schmigel* and the Pennsylvania regime give Appellees no cover on the Delaware statute's conflict with Rule 12. Nor does *Liggon-Redding* on Federal Rule 11, for reasons already explained. Br. 38-39 (collecting cases).

Encompass finally claims the Delaware statute cannot mean what it says—that a medical negligence complaint "shall not be docketed" without an affidavit, 18 Del. C. § 6853(a)(1)—because the District Court here docketed Mr. Berk's complaint and granted his extension motion. Encompass Br. 23-24. That is too cute by half; the District Court dismissed the complaint *sua sponte* once it reviewed Mr. Berk's full submission. JA3. Moreover, as Mr. Berk has explained, Br. 49, Delaware plaintiffs can avoid immediate dismissal using a single extension motion filed with the complaint, *see Kobasa*, 2015 WL 1903546, at *2, as Mr. Berk did here, JA35. That differs materially from the Pennsylvania regime Encompass relies on, wherein the certificate-of-merit

(COM) rule creates a right to dismissal that a defendant waives by failing to raise it. *See Liggon-Redding*, 659 F.3d at 260 n.2. The fact that courts will docket complaints without affidavits and grant plaintiffs extra-statutory extensions is understandable at a practical level but irrelevant in the face of the statutory text. *See id.* at 265 n.5 (looking to the "plain language of the [COM] rule" for its meaning). So are the narrow exceptions to the Delaware AOM requirement, which have no bearing here legally or factually. *See* Encompass Br. 24.

### C. Justice Stevens's *Shady Grove* Concurrence Does Not Control, Nor Require Applying the Delaware Affidavit Statute Here

Moving from the first step of the conflicts analysis to the second, Appellees argue that Justice Stevens's concurrence in *Shady Grove* establishes the governing test for step two, and that under that approach, the Delaware statute is not displaced by the Federal Rules. Encompass Br. 28-30; Beebe Br. 25-27. Appellees are wrong on both counts. Justice Stevens's concurrence is not controlling, and Federal Rules 8, 9, 11, and 12 displace the AOM statute even under his view of the Rules Enabling Act.

First, as already explained, Br. 11-12, *see also supra* at 7-8, there was no Supreme Court majority for a ruling in *Shady Grove* that would change the

second-step analysis. *See Abbas*, 783 F.3d at 1336-37. Accordingly, the preexisting rule from the *Sibbach* case continues to apply, as then-Judge Kavanaugh explained in *Abbas*. Under *Sibbach*, as long as a federal rule "really regulates procedure," it preempts a state provision that attempts to answer the same question, regardless of the circumstances. *Abbas*, 783 F.3d at 1337 (citing *Sibbach*, 312 U.S. at 14). Rules 8, 9, 11, and 12 satisfy that test. This Court has long recognized that "Rule 8 is within the scope of the Rules Enabling Act and consistent with the Constitution." *Nuveen*, 692 F.3d at 302 n.12 (citing *Chamberlain*, 210 F.3d at 160); *see Chamberlain*, 210 F.3d at 160 (same as to Rule 9).[6] Several courts have held similarly for Rules 11 and 12. *See, e.g.*, *Pledger*, 5 F.4th at 521 (citing *Gallivan*, 943 F.3d at 294) (Rule 11); *Abbas*, 783 F.3d at 1337 (citing *Shady Grove*, 559 U.S. at 404) (Rule 12).

Although this Court should agree with Justice Kavanaugh if it reaches the issue, the Court need not decide whether *Abbas* was wrong and Encompass and Beebe are right because the Delaware statute is displaced

---

[6] Encompass argues (at 32) that Mr. Berk misconstrued *Chamberlain*'s statements on the validity of these rules, but *Nuveen*'s citation of the same passage in *Chamberlain* for the same principle refutes Encompass's claim. To the extent Appellees believe this Court's prior analysis of the rules no longer controls, *see* Beebe Br. 31 n.3, numerous other circuits have affirmed their validity since *Shady Grove*. *E.g.*, *Gallivan*, 943 F.3d at 294.

even under Justice Stevens's approach to the Rules Enabling Act. According to Justice Stevens, a federal rule "cannot govern a particular case in which the rule would displace a state law that is procedural in the ordinary use of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right." *Shady Grove*, 559 U.S. at 423 (Stevens, J., concurring). The Delaware AOM statute fails that test. As Appellees themselves insist, the affidavit is a "purposefully minimal" requirement, Encompass Br. 25 (quoting *Dishmon*, 32 A.3d at 342); Beebe Br. 23 (same), that is "neither discoverable nor admissible in the action," Encompass Br. 25 (citing 18 Del. C. § 6853(d)); Beebe Br. 21 (same), and thus has no bearing on whether a plaintiff can defeat a dispositive motion, let alone prevail at trial. *Cf. Wilson*, 79 F.4th at 320 (holding Pennsylvania's certificate rule "does not determine the manner and extent of liability under Pennsylvania law"). Such a de minimis, non-substantive requirement cannot fairly be said to "define the scope of [a] state-created right" in the way Justice Stevens contemplated. *Shady Grove*, 559 U.S. at 423 (Stevens, J., concurring).

To deflect from that contradiction, Encompass gives the inquiry an inappropriately broad scope, raising the Delaware Medical Malpractice Act as a whole and arguing that it defines the scope of state-created rights.

Encompass Br. 31-34; *see* Beebe Br. 27. Whatever the accuracy of that characterization, Encompass points to nothing in Justice Stevens's concurrence suggesting courts should look to an entire legislative scheme to assess a single provision's validity under the Rules Enabling Act. Properly evaluated, the "purposefully minimal" Delaware affidavit provision does not create or impact any substantive rights or remedies. Even if Justice Stevens's approach controls and some state rules are "sufficiently interwoven with the scope of a substantive right or remedy" that they must apply despite a conflict, like Shady Grove, "this is not such a case." *Shady Grove*, 559 U.S. at 429 (Stevens, J., concurring).[7]

### D. The Delaware Statute is Procedural Under *Erie*

Finally, there is no need for the Court to "wade into *Erie's* murky waters" here because the Federal Rules that displace the Delaware AOM statute are valid under the Rules Enabling Act, however interpreted. *Shady Grove*, 559 U.S. at 398. But if the Court for some reason reaches the ultimate

---

[7] The only rights Appellees are actually focused on are their own perceived rights to avoid defending purportedly frivolous litigation. *See* Encompass Br. 33-34 (raising alarm at "open[ing] the district court's doors to multitudes of plaintiffs"); Beebe Br. 27. As explained below, *infra* at 25-26, those concerns are neither substantiated nor compelling.

*Erie* analysis, it should find that the Delaware statute is procedural and does not apply in federal court.

The *Erie* inquiry "examine[s] 'whether the state law is outcome-determinative and whether failure to apply the state law would frustrate the twin aims of the *Erie* Rule to discourage forum shopping and avoid inequitable administration of the law.'" *Schmigel*, 800 F.3d at 119 (quoting *Liggon-Redding*, 659 F.3d at 262). Importantly, as the Supreme Court explained in *Hanna v. Plumer*, 380 U.S. 460 (1965), just because applying a state rule would mean a case cannot proceed, while not applying the rule would mean "the litigation will continue," does not mean the state rule is outcome-determinative. *Id.* at 468. Under that approach, virtually "every procedural variation is 'outcome-determinative.'" *Id.* Instead, as this Court described in *Chamberlain*, citing *Hanna*, the "outcome determinative test should not produce a decision favoring application of the state rule unless one of the[] [twin] aims will be furthered.'" *Chamberlain*, 210 F.3d at 159 (citing *Hanna*, 380 U.S. at 468 n.9); *see Schmigel*, 800 F.3d at 119 (same).

Neither of the twin aims is supported by applying the Delaware AOM statute in federal court. First, forum shopping is not a realistic concern. Appellees suggest that a "multitude" of out-of-state plaintiffs would seek

medical care in Delaware; experience an incident sufficiently serious to contemplate litigation; conduct legal research on venue issues; and select federal district court solely to circumvent the "purposefully minimal" affidavit requirement. That is dubious at best. The fact that it took twenty years after enactment of Delaware's AOM statute for an *Erie* challenge to reach this Court speaks to how rare a circumstance this is.[8] Encompass's dire warnings about "a deluge" of non-Delawareans filing meritless claims in Delaware are little more than unsupported fear-mongering. Encompass Br. 28, 33-34; *see also* Beebe Br. 28-29. It would be one thing if Encompass presented, for example, data showing a steep rise in federal court malpractice cases in the circuits that have rejected state affidavit rules since *Shady Grove*. But if the floodgates have been opened in those states, the ground appears to remain remarkably dry.

Encompass's claims are also hard to reconcile with its insistence, noted above, that the AOM statute is a minimal initial hurdle with no impact on

---

[8] A non-Delaware resident with claims against a Delaware entity might be equally or even more motivated to turn to federal court in light of the original "policy and purpose of diversity jurisdiction—'prevent[ion of] apprehended discrimination in state courts against those not citizens of the State.'" *DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, 10 F.4th 192, 207 (3d Cir. 2021) (quoting *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 74 (1938)).

ultimate liability under Delaware law. *See* Encompass Br. 25-26 (citing *Dishmon*, 32 A.3d at 342, 344). Confronted with the same tension, the Second Circuit in *Corley* reasoned that

> [a] rule that regulates pleading and service of process, and that has been expressly construed by the relevant state Supreme Court as having no effect on the standard for substantive liability, is a procedural rule, whether or not it has the effect (and indeed the intended effect) of placing a procedural roadblock in the path of plaintiffs advancing a particular category of claim.

11 F.4th at 87; *cf. Wilson*, 79 F.4th at 320 (Pennsylvania's certificate rule "does not determine the manner and extent of liability under Pennsylvania law"). If that were not so, federal courts could be compelled to enforce outlandish state restrictions on medical malpractice cases, like requiring plaintiffs "to file their complaints on fluorescent purple paper," to no discernible end. *Corley*, 11 F.4th at 87 (quoting *Shields v. United States*, 436 F. Supp. 3d 540, 544 (D. Conn. 2020)); *see Shady Grove*, 558 U.S. at 413 n.11 (plurality opinion) (criticizing a rule that "would allow States to force a wide array of parochial procedures on federal courts"); *cf., e.g.*, *State ex rel. Strange v. King*, 112 So.2d 457, 457-58 (Ala. 1959) (enforcing a rule mandating that all filings must be on "transcript paper" and striking a filing "typed on a smaller sheet of paper which has been pasted on a sheet of transcript paper"). This Court should

follow the Second Circuit in "reject[ing] this approach," *Corley*, 11 F.4th at 87, which would impinge on the "federal interest … in maintaining the integrity of the federal system of pleading," *Chamberlain*, 210 F.3d at 161.

Lastly, Encompass and Beebe's concerns about inequitable administration of the laws are not serious. As noted, there is no evidence that not applying the affidavit requirement in federal court will unleash a torrent of judgments against Delaware physicians and hospitals by out-of-state plaintiffs. All other substantive components of the Delaware medical malpractice regime would remain in place, including the need for plaintiffs to offer expert medical testimony establishing a deviation from the standard of care and a causal link to the injury claimed. 18 Del. C. § 6853(e). A straightforward summary judgment motion "can be filed whenever appropriate," *i.e.*, as soon as it becomes clear that a plaintiff will be unable to secure an expert. *Schmigel*, 800 F.3d at 122. Delaware providers do not need this Court's protection from the risk of having to defend a federal medical negligence case beyond the pleadings stage. If the Court reaches *Erie*, it should hold that the Delaware statute is procedural and reverse and remand accordingly.

\*                    \*                    \*

As several circuits have recognized, *Shady Grove* provides the controlling two-step analysis for evaluating conflicts between state and federal rules.  Under its governing framework, the Delaware AOM statute cannot apply in federal court because it "attempts to answer the same question" as multiple valid federal rules.  559 U.S. at 399.  This Court should so hold and should reverse and remand accordingly—even if it finds that Justice Stevens's concurrence governs the conflicts inquiry's second step.  Alternatively, if the Court retains its pre-*Shady Grove* approach, it should find that the Delaware statute is state procedural law and reverse and remand on that basis.

## CONCLUSION

The Court should reverse and remand.

Date: January 16, 2024

Respectfully submitted,

*s/ Samuel I. Ferenc*

R. Stanton Jones
Andrew T. Tutt
Samuel I. Ferenc
Minjae Kim
Katie Weng
ARNOLD & PORTER KAYE
  SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000
Fax: (202) 942-5999

*Counsel for Plaintiff-Appellant*
*Harold R. Berk*

## CERTIFICATE OF BAR MEMBERSHIP

I hereby certify that I am a member of the Bar of this Court.

Dated: January 16, 2024      *s/ Samuel I. Ferenc*
                                       Samuel I. Ferenc

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2024, I electronically filed the foregoing document with the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: January 16, 2024          *s/ Samuel I. Ferenc*
                                  Samuel I. Ferenc

**CERTIFICATE OF COMPLIANCE**

1. The foregoing brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7) because the brief contains 6,474 words.

2. The brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office 365 in Century 14-point font.

3. In accordance with Third Circuit Local Appellate Rule 31.1(c), the text of Appellant's Reply Brief, as electronically filed on January 16, 2024, is identical to the text of the Reply Brief to be submitted in paper copy.

4. In accordance with Third Circuit Local Appellate Rule 31.1(c), Appellant's Reply Brief, as electronically filed on January 16, 2024, was scanned with a virus detection program, namely Microsoft Defender (Version 1.403.2235.0), and no virus was detected.

Dated: January 16, 2024   *s/ Samuel I. Ferenc*
            Samuel I. Ferenc